Affirmed and Memorandum Opinion filed November 13, 2003














Affirmed and
Memorandum Opinion filed November 13, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO.
14-02-00846-CR

_______________

 

CHARLES EDWARD
POINTER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

_________________________________________________

 

On Appeal from the 183rd District Court

Harris County, Texas

Trial Court Cause No. 878,720

_________________________________________________

 

M E M O R A N
D U M   O P I N I O N

 

            Charles Edward Pointer appeals a
conviction for murder[1] on
the ground that the trial court erred in denying his cross-examination of two
prosecution witnesses.  We affirm.

            Appellant’s
first issue argues that, in the following exchange, sustaining the State’s
relevance objections denied appellant the right to completely cross-examine the
witness on her potential bias from her jail detention pending her testimony and
her fear of having her probation revoked if she did not testify favorably for
the State:

DEFENSE COUNSEL:         Where
are they holding you right now, in a holdover cell?

PROSECUTOR:        Objection
to relevance.

THE COURT:            That’s
sustained.

DEFENSE COUNSEL:         Well,
let me ask it this way: Are you in a holdover cell by yourself or with someone
else?

PROSECUTOR:        Objection,
relevance.

THE COURT:            What’s
the relevance of that?

DEFENSE COUNSEL:         It’s
cross examination, Judge, and I think it will lead to something.

THE COURT:            Okay,
that’s sustained until I hear something this is going to lead to.

            However, because defense counsel did
not offer the trial court a basis to overcome the relevance objections and none
was apparent, the trial court did not err in sustaining them.  In addition, in the immediately following
question and answer, the witness provided the information that had been sought
without objection:

DEFENSE COUNSEL:         Are
you being held in a holdover cell with Jeannine Pennie?

WITNESS:     Right this
minute, yes.

            Moreover, appellant was allowed to
elicit testimony that the witness was on felony probation, and, contrary to
appellant’s contentions, he never attempted to question the witness as to
whether she believed her testimony or failure to testify could affect her
probation.  Lastly, appellant failed to
make an offer of proof as to any further testimony this witness might have
provided.  See Tex. R. Evid. 103(a)(2); Tran v. State, __ S.W.3d __, __ (Tex. Crim. App. 2003). 
Under these circumstances, appellant’s first issue fails to show that
any error was made or preserved and is overruled.

            Appellant’s second issue contends
that, in the following exchange, the trial court erroneously refused to allow
appellant to question another witness, Chonis Pennie, about potential inconsistent statements and bias
regarding whether she: (1) had told the police that there were stolen cars in
her garage; (2) feared being prosecuted for storing stolen cars; and (3)
believed that she would be treated more leniently by the State if she testified
favorably to the prosecution’s case:

DEFENSE COUNSEL:         What
did you do about the stolen cars when the police got there to interview you?

PROSECUTOR:        Objection,
relevance.

THE COURT:            That’s
sustained.

DEFENSE COUNSEL:         Did
you tell the police about the stolen cars when the police got there?

            THE COURT:            Sustained.

            However, Pennie
admitted during cross-examination that she: (1) had two stolen cars in her
garage; (2) did not tell the police that another witness, Kevin Davenport, was
upset because that would have led to the discovery of the stolen cars; and (3)
was never charged with possession of stolen cars.[2]  Appellant never questioned Pennie about any inconsistent statements and did not
otherwise ask Pennie about potential bias.  Nor did appellant make an offer of proof with
regard to any further testimony by Pennie.  Therefore, appellant’s second issue also
fails to show that any error was made or preserved.  Accordingly, it is overruled, and the
judgment of the trial court is affirmed.

 

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed November 13, 2003.

Panel
consists of Justices Edelman, Frost, and Guzman.

Do Not
Publish — Tex. R. App.
P. 47.2(b).

 











[1]           A jury found appellant guilty, and
the trial court sentenced him to fifty years confinement.





[2]           In addition, defense counsel
questioned Pennie as to whether she received any
leniency in return for her testimony with regard to the sentence she was serving
for her drug conviction.  Although Pennie admitted to filing a motion for a “time cut,” she
testified that she did not receive leniency.